IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01797-WYD-MEH

THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY and
ST. PAUL FIRE AND MARINE INSURANCE COMPANY,

    Plaintiffs,

v.

RIVIERA ELECTRIC LLC and
POWER MAINTENANCE INTERNATIONAL, INC.,

    Defendants.

## ORDER

THIS MATTER is before the Court on Plaintiffs' Motion to Remand [# 14], filed October 13, 2005.  By way of background, I note that Plaintiffs filed a complaint against Defendant Riviera Electric LLC ("Riviera") on February 11, 2005, in Adams County District Court, Colorado.  Defendant Riviera was served with a summons and complaint on February 23, 2005.  Plaintiffs then filed a separate complaint against Defendant Power Maintenance International, Inc. ("PMI") on May 2, 2005, in Adams County District Court.  On August 12, 2005, Plaintiffs were granted leave by the Adams County District Court to amend and add PMI as a defendant in the first action.  Four days later, on August 16, 2005, Defendant PMI was served with a summons and complaint for both actions.  On September 15, 2005, Defendant PMI filed and served a Notice of Removal, to which Defendant Riviera consented.

The issue before the Court is whether removal was timely. The parties do not dispute that if this action was timely removed, jurisdiction in this Court is proper based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000. *See* Notice of Removal ¶¶ 5–11. Thus, if removal was timely, the Court has jurisdiction under 28 U.S.C. § 1332(a).

Title 28 U.S.C. § 1446(b) provides, in pertinent part, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." This seemingly straight-forward rule becomes complicated when multiple defendants are involved, and two competing rules have emerged in cases involving more than one defendant. The "first-served rule" interprets the statute "to require that all served defendants, except nominal defendants, join in, or consent to, the removal petition within thirty days of the date on which the first defendant is served." *Smola v. Trumbull Ins. Co.*, 317 F. Supp. 2d 1232, 1232 (D. Colo. 2004). In contrast, under the "last-served rule," "the statutory thirty-day period begins to run when the last defendant is served." *Id.*

In support of their Motion to Remand, Plaintiffs argue that "Defendant PMI's notice of removal was untimely because it was in contravention of section 1446(b)'s prohibition that no more than thirty (30) days pass from the date Defendant Riviera was served with the original Summons and Complaint to the date the notice was filed." Pls.' Mot. to Remand at 4. This argument is based on the first-served rule, as Defendant

Riviera was the first Defendant served. Defendants, on the other hand, ask this Court to adopt the last-served rule. Def. PMI's Resp. in Opp. to Pls.' Mot. to Remand at 3 [hereinafter Def. PMI's Resp.]; *see also* Def. Riviera's Joinder in PMI's Resp. in Opp. to Pls.' Mot. to Remand. They argue that the last-served rule should be followed when defendants are added by amended complaint. *See* Def. PMI's Resp. at 4.

Defendant PMI correctly points out that "[n]either the United States Supreme Court nor the Tenth Circuit has addressed the issue of whether the first-served rule or the last-served rule applies to determine the time for removal in cases with multiple defendants." Def. PMI's Resp. at 4. Other judges within this District have addressed this issue and followed the first-served rule. *See Cellport Sys., Inc. v. Peiker Acustic GMBH & Co. KG*, 335 F. Supp. 2d 1131, 1134 (D. Colo. 2004) (Kane, J.); *Smola v. Trumbull Ins. Co.*, 317 F. Supp. 2d 1232, 1232 (D. Colo. 2004) (Nottingham, J.). I note that I am not bound by these decisions.

Each rule has its advocates. Proponents of the first-served rule argue that it "is more consistent with the long line of cases strictly construing removal and similar jurisdictional statutes against removal" (*Smola*, 317 F. Supp. 2d at 1233); it "follows logically from the unanimity rule" (*McAnally Enters., Inc. v. McAnally*, 107 F. Supp. 2d 1223, 1227 (C.D. Cal. 2000)); and it resolves forum selection earlier than the last-served rule (*id.* at 1227). On the other hand, proponents of the last-served rule contend that the first-served rule is inequitable and forecloses a "later-served defendant's right to remove simply because it was not served concurrently." *Bussey v. Modern Welding Co.*, 245 F. Supp. 2d 1269, 1274 (S.D. Ga. 2003) (citation omitted).

After examining numerous cases supporting both the first-served rule and the last-served rule, I conclude that the reasons supporting the latter rule are more compelling given the facts of this case. My decision, however, is limited to actions in which defendants are added by amended complaint. If faced with a situation in which all defendants were named in the same complaint but were served with the complaint on different dates, I might reach a different result.

In the case at bar, Defendant PMI was added to the complaint and served with a summons and complaint nearly six months after the original complaint was served on Defendant Riviera. If the first-served rule applied, Defendant PMI would be inequitably deprived of its removal rights. *See Bussey*, 245 F. Supp. 2d at 1274. Moreover, the unanimity rule, which requires that all defendants join in the removal petition, has been met, as Defendant Riviera joined Defendant PMI's removal.

Additionally, while Plaintiffs may feel that the last-served rule is unfair, Plaintiffs controlled the lawsuit and added Defendant PMI on their own volition. With this area of law being unsettled, Plaintiffs did not have a legitimate expectation that the first-served rule would apply and, therefore, knowingly risked removal by adding Defendant PMI. "[T]he removal procedure is intended to be fair to both plaintiffs and defendants alike." *McKinney v. Bd. of Trs. of Md. Cmty. Coll.*, 955 F.2d 924, 927 (4th Cir. 1992). It would not be fair to Defendant PMI if it was barred from removing the action because Defendant Riviera failed to remove earlier in litigation.

It is for the foregoing reasons that I apply the last-served rule to the current action and conclude that Defendant PMI's Notice of Removal was filed within the thirty-

day statutory period.  Accordingly, removal was proper.

For the reasons stated above, it is

ORDERED that Plaintiffs' Motion to Remand is **DENIED**.


Dated:  April 19, 2006

            BY THE COURT:


            s/ Wiley Y. Daniel
            Wiley Y. Daniel
            U. S. District Judge